Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | CHARLES P. KOCORAS | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 7614 | **DATE** | December 9, 2011 |
| **CASE TITLE** | M.L. Moore (#07549-424) vs. United States | | |

**DOCKET ENTRY TEXT:**

The petitioner's motion for leave to proceed *in forma pauperis* (Doc [3]) is granted. However, this successive petition for a writ of habeas corpus is dismissed for lack of jurisdiction pursuant to 28 U.S.C. § 2244(b)(3). The case is terminated. The petitioner's motion for appointment of counsel (Doc [#4]) is denied as moot. All other pending motions are denied.

■ [For further details see text below.]   Docketing to mail notices.

## STATEMENT

M.L. Moore, a federal prisoner, has filed a *pro se* petition for a writ of habeas corpus purportedly pursuant to 28 U.S.C. § 2241. The petitioner challenges his convictions for racketeering, conspiracy, extortion, robbery, unlawful use of a firearm, and drug trafficking on the grounds that: (1) he is actually innocent of the underlying charges, (2) counsel was ineffective, (3) the petitioner was denied the right to confront witnesses against him, (4) the superseding indictment was based on perjured testimony, and (5) the petitioner has recently obtained newly-discovered, exculpatory evidence.

The petitioner having shown that he is indigent, his motion to proceed *in forma pauperis* is granted. However, the court has reviewed the petition and finds that it must be dismissed for lack of jurisdiction.

Under the Antiterrorism and Effective Death Penalty Act of 1996, a habeas petitioner must obtain prior leave from the court of appeals before the district court can consider a second or successive petition. *See* 28 U.S.C. § 2244(b)(3)(A); 28 U.S.C. § 2255(h). The petitioner in the case at bar has already contested his conviction on appeal, in post-judgment motions, and by way of two prior Section 2255 petitions. *See United States of America v. Jackson, et al.*, Case No. 96 CR 815-3 (N.D. Ill.); *United States v. Moore*, Case No. 05 CV 3806 (N.D. Ill.); and *United States v. Moore*, Case No. 08 CV 0025 (N.D. Ill.). In addition, the petitioner has **(CONTINUED)**

mjm

| STATEMENT (continued) |
|---|

already been advised the court cannot consider a renewed Section 2255 motion without authorization by the United States Court of Appeals for the Seventh Circuit. Furthermore, the court has entered a barring order rejecting any further filings in the petitioner's criminal and collateral proceedings. *See* Minute Order of December 7, 2007, entered in Case No. 05 C 3806; Minute Order of August 21, 2008, entered in Case No. 08 C 0025; and Minute Order of July 1, 2010, entered in Case No. 98 CR 0815.

Undaunted, and notwithstanding the court's admonitions, the petitioner has re-filed suit with a new caption and without showing that the Seventh Circuit has granted him leave to file a renewed habeas corpus petition. The petitioner cannot circumvent the bar on successive Section 2255 petitions simply by recasting his petition as seeking relief under Section 2241. *See, e.g., Unthank v. Jett*, 549 F.3d 534, 535 (7th Cir. 2008); *Taylor v. Gilkey*, 314 F.3d 832 (7th Cir. 2002) (finding that Section 2255(h) would be self-defeating if Section 2255(e) opened the door to a challenge under Section 2241 where Section 2255(h) closed the door to a renewed challenge under Section 2255).

For the foregoing reasons, the court has no jurisdiction to consider the petitioner's renewed application for habeas corpus relief under either Section 2241 or Section 2255. *See Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996). Accordingly, the court grants the petitioner's motion for leave to proceed *in forma pauperis* but summarily dismisses the habeas corpus petition without prejudice to re-filing suit should the petitioner obtain leave to file from the Seventh Circuit.

Attached to this order is a copy of Circuit Rule 22.2. Circuit Rule 22.2 explains the procedures the petitioner must follow to obtain leave from the Seventh Circuit to file a second or successive habeas corpus petition.

If the petitioner continues to file redundant and frivolous pleadings and motions, the court may impose monetary sanctions and/or refer this matter to the court's Executive Committee for consideration of a regulatory injunction restricting the petitioner's filings.

Date: **December 9, 2011**

*Charles P. Kocoras*
**CHARLES P. KOCORAS**
**U.S. District Judge**

**Circuit Rule 22.2. Successive Petitions for Collateral Review**

(a) A request under 28 U.S.C. §2244(b) or the final paragraph of 28 U.S.C. §2255 for leave to file a second or successive petition must include the following information and attachments, in this order:

(1) A disclosure statement, if required by Circuit Rule 26.1.

(2) A short narrative statement of all claims the person wishes to present for decision. This statement must disclose whether any of these claims has been presented previously to any state or federal court and, if it was, how each court to which it was presented resolved it. If the claim has not previously been presented to a federal court, the applicant must state either:

    (A) That the claim depends on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court; or

    (B) That the factual predicate for the claim could not have been discovered previously through the exercise of due diligence and that the facts, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact-finder would have found the applicant guilty of the crime, had there been no constitutional error.

(3) A short narrative statement explaining how the person proposes to establish the requirements mentioned above. An applicant who relies on a new rule of constitutional law must identify the new rule, the case that establishes that rule, and the decision of the Supreme Court that holds this new rule applicable to cases on collateral review.

(4) Copies of all opinions rendered by any state or federal court previously rendered in the criminal prosecution, any appeal, and any collateral attack.

(5) Copies of all prior petitions or motions for collateral review.

    (b) A copy of the application, together with all attachments, must be served on the attorney for the appropriate government agency at the same time as the application is filed with the court. The application must include a certificate stating who was served, by what means, and when. If the application is made by a prisoner who is not represented by counsel, ling and service may be made under the terms of Fed. R. App. P. 4(c).

    (c) Except in capital cases in which execution is imminent, the attorney for the custodian (in state cases) or the United States Attorney (in federal cases) may file a response within 14 days. When an execution is imminent, the court will not wait for a response. A response must include copies of any petitions or opinions that the applicant omitted from the papers.

    (d) The applicant may file a reply memorandum within 10 days of the response, after which the request will be submitted to a panel of the court for decision.

    (e) An applicant's failure to supply the information and documents required by this rule will lead the court to dismiss the application, but without prejudice to its renewal in proper form.